WEST GATE BANK, A NEBRASKA BANKING CORPORATION,
APPELLANT, V. AMERICAN NATIONAL BANK, A NATIONAL
BANKING ASSOCIATION, APPELLEE.

550 N.W.2d 318

Filed July 5, 1996.   No. S-94-1011.

Carl J. Sjulin, of Rembolt Ludtke & Berger, for appellant.

Clayton Byam and Joseph C. Byam, of Byam & Byam, for appellee.

Christopher D. Curzon and David L. Crawford, of Schmid, Mooney & Frederick, P.C., for amicus curiae Richard D. Myers, Trustee for the Estate of Rine & Rine Auctioneers, Inc.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

In this litigation, West Gate Bank, appellant, claims that American National Bank, appellee, converted proceeds from an auction conducted by an American National customer, Rine & Rine Auctioneers (Rine).

The district court for Douglas County sustained American National's motion for summary judgment and denied West Gate's motion for summary judgment.

We removed the case from the Nebraska Court of Appeals' docket to this court's docket under our power to regulate the caseloads of the appellate courts.

Interwoven with the case at bar, Rine filed for federal bankruptcy relief. West Gate, in a federal adversary proceeding, has challenged whether the bankruptcy trustee has a claim to

the same proceeds involved in this litigation. The federal court action is pending before the U.S. Court of Appeals for the Eighth Circuit. The record before this court does not reveal that any party to this action has sought relief from an automatic stay for the proceeds in question. Based upon the record before this court, it is apparent that a federal bankruptcy stay has been in effect since April 27, 1992, regarding these proceeds. Therefore, we dismiss West Gate's appeal and find the district court order to be void ab initio.

## ASSIGNMENTS OF ERROR

West Gate claims that the trial court erred in (1) denying its motion for summary judgment and (2) granting American National's motion for summary judgment.

## FACTS

On October 22, 1993, West Gate filed this action against American National in the district court for Douglas County. West Gate alleged that American National set off Rine's account in the amount of $21,354.02, which was the proceeds from a February 16, 1992, auction conducted by Rine. West Gate alleged that American National converted West Gate property and prayed for the immediate right to its proceeds of $21,354.02.

Both parties moved for summary judgment. Before the district court, both parties agreed that there were no factual disputes. The record reflects the following uncontroverted facts:

In January 1992, West Gate retained Rine to conduct a sale of personal property that West Gate had obtained from a customer who defaulted on a loan secured by the property. On February 16, Rine conducted the auction. On February 18, Rine deposited the proceeds from the auction into its commercial checking account at American National.

On February 18 and 24, American National made three debits from Rine's accounts under Rine's direction, totaling $21,354.02. It was a common practice for Rine to direct American National to debit from its account for payment on a debt.

On March 12, American National was notified by West Gate that West Gate had an interest in a part of the February 18 deposits.

On April 27, Rine filed for relief under chapter 7 of the U.S. Bankruptcy Code.

The trial court overruled West Gate's motion for summary judgment, sustained American National's motion for summary judgment, and dismissed the petition. In its order, the trial court found that Rine deposited the funds from the auction in its commercial checking account with American National and that the deposit was not designated as a special or trust deposit. The trial court found that the transactions were not setoffs, but, rather, advice of charge transactions directed by Rine and that American National was not notified of any claimed security interest in the funds until its advice of charge transactions were completed.

More telling than the uncontroverted facts in the district court record are the findings and order of the federal bankruptcy court in In re Rine & Rine Auctioneers, Inc., BK92-80770 (Bankr. D. Neb. 1995), and the affirmance of that order by the U.S. District Court in In re Rine & Rine Auctioneers, Inc., 8:CV95-00150 (D. Neb. 1995). The federal court judgments show that the trustee for the federal bankruptcy estate filed an adversary proceeding alleging voidable preference and fraudulent conveyance claims against transferees of Rine which include the Rine account with American National at issue in the case at bar. In response, West Gate filed an adversary proceeding asking the federal court to order the trustee to turn over to West Gate any proceeds which the trustee might recover from the auction conducted for West Gate by Rine. The federal district court, in affirming the bankruptcy court's order, followed its precedent in two previous cases involving Rine auctioneer clients and held that the relationship between Rine and West Gate was one of agent and principal and that, therefore, the auction proceeds, which were not committed to Rine's commission and expenses, should be turned over to West Gate. The two controlling opinions relied upon by the federal district court have been subsequently reversed by the U.S. Court of Appeals for the Eighth Circuit.

See, *In re Rine & Rine Auctioneers, Inc.*, 74 F.3d 854 (8th Cir. 1996); *In re Rine & Rine Auctioneers, Inc.*, 74 F.3d 848 (8th Cir. 1996). The trustee has appealed the district court's ruling regarding West Gate proceeds to the U.S. Court of Appeals for the Eighth Circuit.

## ANALYSIS

The money involved in this appeal is also the subject of the federal bankruptcy proceedings in In re Rine & Rine Auctioneers, Inc. The bankruptcy case is currently pending before a federal appellate court. A bankruptcy stay is automatic because it is triggered upon the filing of a bankruptcy petition. *Elliott v. First Security Bank*, 249 Neb. 597, 544 N.W.2d 823 (1996). Any action taken in violation of the automatic stay is void. *Id*. This prohibition applies equally to state courts and its officers. *Id*. State court action comes within the terms of an automatic stay if it is to obtain property of an estate or to recover a claim against the debtor. See *In re Colonial Realty Co.*, 980 F.2d 125 (2d Cir. 1992).

The record fails to reflect that relief from the automatic bankruptcy stay has been granted in regard to the proceeds that West Gate seeks to recover in the case at bar and at the federal appellate court. Because there was no relief from the automatic stay, the actions by the district court as well as West Gate's appeal are void. Thus, this matter is left for the federal courts to resolve in the pending bankruptcy litigation.

## CONCLUSION

West Gate's appeal is dismissed and the order of the district court dated October 11, 1994, is void because it violates an automatic federal bankruptcy court stay.

APPEAL DISMISSED.